CITY OF GRAND RAPIDS v GRAND RAPIDS LODGE NO 97, FRATERNAL ORDER OF POLICE

Docket No. 78-5449. Submitted January 2, 1980, at Grand·Rapids.— Decided March 17, 1980. Leave to appeal applied for.

Ronnie F. Stevens, a former Grand Rapids police officer, requested that the City of Grand Rapids assume the costs of his defense and indemnify him in the event of any judgment rendered against him in an action brought in the Federal District Court against the city, its police chief, and Stevens arising out of an incident in which Stevens was involved in the course of his duties as a police officer. The city refused, and Grand Rapids Lodge No. 97, Fraternal Order of Police, filed a grievance on Stevens' behalf and, after further refusals, filed a demand for arbitration of the grievance pursuant to the collective bargaining agreement between the FOP and the city. Shortly before the demand for arbitration Stevens filed a crossclaim against the city in the Federal court action requesting that the city be held responsible for his costs and for satisfaction of any judgment rendered against him. When the demand for arbitration was made, the city brought an action in Kent Circuit Court against the FOP, Stevens, and the American Arbitration Association requesting that the arbitration proceedings be enjoined. The circuit court, Roman J. Snow, J., granted an injunction, relying upon a clause in the collective bargaining agreement which he interpreted to hold that the defendants were estopped from proceeding with arbitration. The FOP appeals by leave granted. *Held:*

The bargaining representative (FOP) had a right to pursue a grievance on behalf of Stevens and the entire lodge and to pursue that grievance through arbitration. The action by Stevens to obtain a personal remedy did not affect this right. The grant of the injunction was error.

Reversed, and the injunction set aside.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arbitration and Award § 14.

[2] 48 Am Jur 2d, Labor and Labor Relations § 399.

[3] 48A Am Jur 2d, Labor and Labor Relations §§ 1842, 1843.

Matters arbitrable under arbitration provision of collective labor contract. 24 ALR2d 752.

D. F. WALSH, P.J., dissented. He would hold that the language of the collective bargaining agreement expressly provides that this particular grievance is excluded from arbitration. He would affirm.

### OPINION OF THE COURT

1. ARBITRATION — CONTRACTS — PUBLIC POLICY.

Arbitration is a matter of contract; it is favored by public policy and arbitration clauses should be broadly applied.

2. LABOR RELATIONS — GRIEVANCES — AUTHORIZED BARGAINING REPRESENTATIVES.

An authorized bargaining representative has great discretion in processing grievances, including the independent right to bring a grievance on behalf of an employee, notwithstanding the separate pursuit by the employee of personal remedies.

### DISSENT BY D. F. WALSH, P.J.

3. LABOR RELATIONS — ARBITRATION — ACTION — RELIEF SOUGHT.

*A trial court properly enjoined grievance arbitration proceedings where the employee involved instituted a crossclaim in a court action, requesting the same relief as that sought in the grievance proceedings, and the collective bargaining agreement expressly provides that in such a case the matter is excluded from arbitration.*

*Varnum, Riddering, Wierengo & Christenson* (by *Terrance R. Bacon),* for plaintiff.

*Timothy G. Holland,* for defendant.

Before: D. F. WALSH, P.J., and R. B. BURNS and J. H. GILLIS, JJ.

R. B. BURNS, J. In April 1978, James Hoogerhyde filed suit in the United States District Court or the Western District of Michigan against the City of Grand Rapids, the city's police chief, and Ronnie Stevens, a former police officer for the city. Defendant Stevens asked that the city assume the costs of his defense and indemnify him in the

event of any judgment rendered against him for actions taken in the course of his official duties. The city refused Stevens' request.

In May 1978, defendant Fraternal Order of Police, Grand Rapids Lodge No. 97 (FOP), filed a grievance with Chief Robert Anderson claiming that the city's action violated various sections of the parties' collective bargaining agreement. When the grievance was denied at this step, defendant FOP submitted its demand to Joseph Zanea, City Manager. The record on appeal does not disclose any answer at this step but we assume that the grievance was denied and such information given to defendant. On June 19, 1978, defendant FOP filed its demand for arbitration of the grievance with the American Arbitration Association.

Approximately ten days before FOP filed its arbitration demand, defendant Stevens had filed a crossclaim against the city in the Federal court action asking that the city be held responsible for his costs and for satisfaction of any judgment rendered against him. When FOP made its demand for arbitration the city brought this action in the Circuit Court for the County of Kent asking that the arbitration proceedings be enjoined on the ground that since the crossclaim had been initiated the matter was no longer subject to the grievance procedure. The circuit court judge granted the injunction, stating:

"The initiation of a crossclaim in Case No. G 78-148 CA 1, in the United States District Court for the Western District of Michigan, estops defendants from proceeding in the arbitration of the same dispute."

The circuit court relied upon Article VIII, § 3(b) of the collective bargaining agreement which reads:

"If proceedings involving any matter which is or might be alleged as a grievance are instituted in any administrative action before a government board or agency, or in any court, then such administrative or judicial proceedings shall be the sole remedy; and grounds for a grievance under this agreement shall no longer exist. Injunctions, temporary restraining orders, or actions under Veteran's preference shall not be considered part of the grievance procedure."

Arbitration is a matter of contract. *Kaleva-Norman-Dickson School District No. 6 v Kaleva-Norman-Dickson School Teachers' Ass'n,* 393 Mich 583; 227 NW2d 500 (1975).

In the present case, the parties entered into a collective bargaining agreement under the authority of the public employment relations act (PERA). MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.* Article VIII of their contract delineates the grievance procedure to be employed by the parties and it provides for arbitration as the final step of the grievance procedure.

The Michigan Supreme Court has held that arbitration in the resolution of disputes is favored by the public policy of our state,[1] *KND School District, supra,* and the Court has noted the directive of the United States Supreme Court in *United Steelworkers of America v Warrior & Gulf Navigation Co,* 363 US 574; 80 S Ct 1347; 4 L Ed 2d 1409 (1960), that arbitration clauses should be broadly applied.

"The Court said, 'An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the *arbitration clause* is not susceptible of an interpretation that covers the

---

[1] The policy favoring arbitration of disputes is appropriate for contracts entered into under the PERA. *KND School District, supra,* 393 Mich at 591.

asserted dispute. Doubts should be resolved in favor of coverage.' (Emphasis supplied.) Absent an *'express provision* excluding [a] particular grievance from arbitration' or the *'most forceful evidence* of a purpose to exclude the claim' (emphasis supplied) the matter should go to arbitration." *KND School District,* 393 Mich at 592.

It is apparently undisputed that FOP had the right to initiate the grievance in the present case and, absent any action by defendant Stevens, to pursue the grievance through arbitration. What is at issue is whether, under Article VIII, § 3(b), FOP's right to pursue arbitration was terminated by the decision of its member, defendant Stevens, to seek a judicial determination on the matter. We have read Article VIII and have considered the course of its evolution and we find no forceful evidence of an intent to terminate FOP's right to arbitration where the individual grievant has made an election of remedies.

Under the PERA, defendant FOP is the exclusive representative of all the public employees in its unit. MCL 423.211; MSA 17.455(11). The Michigan Supreme Court has stated that authorized bargaining representatives have great discretion in processing grievances, *Cortez v Ford Motor Co,* 349 Mich 108; 84 NW2d 523 (1957), and that discretion includes the independent right to bring a grievance. The power of defendant FOP to control the grievance procedures cannot be contingent on the pursuit or outcome of an employee's personal remedies.

In our opinion the FOP, as exclusive bargaining agent for the Grand Rapids Police Department, had a right to pursue a grievance on behalf of Ronnie Stevens and the entire lodge. No action by Ronnie Stevens could affect this right. The FOP

had the right to file a grievance and to pursue such grievance through arbitration.

The trial court is reversed and the injunction set aside.

Costs to defendant FOP.

J. H. GILLIS, J., concurred.

D. F. WALSH, P.J. *(dissenting)*. I must respectfully dissent. I concur with the trial judge that the plain language of Article VIII, § 3(b), of the collective bargaining agreement expressly provides that this particular grievance is excluded from arbitration. *Kaleva-Norman-Dickson School District No 6 v Kaleva-Norman-Dickson School Teachers' Ass'n*, 393 Mich 583, 592; 227 NW2d 500 (1975). I find no language in Article VIII, § 3(b), which can be interpreted as requiring that the court proceeding must be instituted by the union rather than by the individual aggrieved party.

I would affirm.